Shearing, J.,
with whom Agosti, J., agrees,
concurring:
I concur in the majority opinion, but write separately to respond to a statement in the other concurring opinion.
The other concurring opinion suggests that the defendant in a child sexual assault case needs to conduct a psychological examination of the child victim in order to “level the playing field.” I agree that there is no “level playing field” in child sexual assault cases. However, it is my experience that in such cases, the so-called “playing field” is virtually always tipped heavily against the child victim, rather than against the defendant.
In my observations as a trial judge and juvenile judge, only a very small percentage of child sexual assaults ever reach the criminal courts. Children are often too young to testify or would be too traumatized to testify effectively. Children often do not tell others immediately about being sexually assaulted because of shame, guilt or threats by the perpetrator. When they do tell, the adults whom they tell often refuse to believe them. Then, instead of talking about the assault, the child victims often try to both deny it themselves and forget about it. In their anger, they start acting out inappropriately. In an attempt to hide their pain, child victims may become drug or alcohol abusers. Thus, they are even less likely to be regarded as good witnesses when they finally do tell, despite the fact that the sexual assault often led to the bad behavior in the first place. Moreover, the perpetrators almost invariably claim that the child made the allegation in response to attempts to discipline the child, which many adults, including jurors, automatically believe.
As a trial tactic, the perpetrators often ask for a psychological examination in order to further demean and harass the child victim. That is why I agree with the majority opinion that the defendant should be allowed to conduct a psychological examination of the child victim only in the rare cases when there is a compelling reason to do so. The “playing field” is already tipped too far in favor of the perpetrator.